**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION**

In re: DWIGHT EARL JONES,          Case No. 1:17-cv-735

                                           Dlott, J.
                                           Bowman, M.J.

**REPORT AND RECOMMENDATION**

This is a pro se appeal from an Order of the United States Bankruptcy Court for the Southern District of Ohio in the Chapter 7 proceeding styled In re Dwight Jones, Case No. 17-11687. Specifically, before the Court is Appellant's brief (Doc. 8). Plaintiff/appellant seeks judicial review of the Bankruptcy Court's dismissal of his petition.

**I.    Background and Facts**

The evidence of record shows that Plaintiff filed a petition for bankruptcy on or about May 8, 2017. (Doc. 2, Ex. 1). Thereafter, on July 26, 2017, the bankruptcy trustee filed a motion to dismiss Plaintiff's bankruptcy petition based upon Plaintiff's failure to provide the trustee with information to conduct a 341 meeting. (Doc. 2, PAGEID 50-52). A hearing on the motion was held on September 26, 2017, wherein both Trustee and Debtor appeared. The bankruptcy judge granted Trustee's motion to dismiss on September 27, 2017. (*Id.* at 71). Plaintiff then filed a motion to vacate and set aside the order dismissing the case. The Bankruptcy Court determined that the motion did not provide any new evidence for the Court to consider. As such, the motion was overruled.

Thereafter, Plaintiff filed the instant action seeking reconsideration of the bankruptcy court's dismissal. For the reasons outlined below, Plaintiff's appeal is not well-taken.

**II.     Analysis**

In a bankruptcy appeal, the district court reviews a ruling on a motion for reconsideration under the abuse of discretion standard. *United Mine Workers of Am.* 1974 *Plan and Trust v. Lexington Loan Co.* (*In re HNRC Dissolution Co.*), 396 B.R. 461, 465 (B.A.P. 6th Cir. 2008); *Hamerly v. Fifth Third Mortgage Co.* (*In re J & M Salupo Dev. Co.*), 388 B.R. 795, 800 (B.A.P. 6th Cir. 2008). "An abuse of discretion occurs only when the trial court relies upon clearly erroneous findings of fact or when it improperly applies the law or uses an erroneous legal standard." *United Mine Workers of Am. 1974 Plan and Trust*, 396 B.R. at 465.

Applying the relevant standard, the undersigned finds no abuse of discretion in the bankruptcy court's decision. Notably, the Trustee moved to dismiss Plaintiff's bankruptcy petition because his schedules were incomplete, not accurate and factually incorrect. (Doc. 2, PageID 50). The Trustee further noted that Plaintiff failed to bring information sought by the trustee on numerous occasions. *Id.* Thereafter, a hearing was held on the motion to dismiss, at which the trustee and Plaintiff appeared and testified. The bankruptcy judge granted the motion to dismiss. Plaintiff then filed a motion to vacate and set aside the order dismissing the case for failure to give the trustee information to conduct 341 meeting. As detailed above, the Bankruptcy Court determined that the motion did not provide any new evidence for the Court to consider. As such the Bankruptcy Court's decision is supported by the evidence of record and applicable law.

### III. Conclusion

For these reasons the undersigned concludes that the Bankruptcy Court did not err in either its findings of fact or conclusions of law, and therefor hereby **RECOMMENDS** that the decision of the Bankruptcy Court be **AFFIRMED,** and that this matter be **CLOSED.**

 *s/Stephanie K. Bowman*
Stephanie K. Bowman
United States Magistrate Judge

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

In re: DWIGHT EARL JONES,

Case No. 1:17-cv-735

Dlott, J.
Bowman, M.J.

**NOTICE**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to this Report & Recommendation ("R&R") within **FOURTEEN (14) DAYS** after being served with a copy thereof. That period may be extended further by the Court on timely motion by either side for an extension of time. All objections shall specify the portion(s) of the R&R objected to, and shall be accompanied by a memorandum of law in support of the objections. A party shall respond to an opponent's objections within **FOURTEEN DAYS** after being served with a copy of those objections. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).